General Accident Insurance Company of America, a Pennsylvania corporation, Plaintiff–Appellee,

and

First National Insurance Company, Plaintiff–Intervenor–Appellee,

v.

Resolution Trust Corporation, in its corporate capacity and as Receiver for Imperial Federal Savings Association, Defendant,

and

Federal Deposit Insurance Corporation, in its corporate capacity and as Receiver of Imperial Federal Savings Association, Defendant–Appellant.

General Accident Insurance Company of America, a Pennsylvania corporation, Plaintiff,

and

First National Insurance Company of America, Plaintiff–Intervenor–Appellant,

v.

Resolution Trust Corporation, in its cor-porate capacity and as Receiver for Imperial Federal Savings Association, Defendant,

and

Federal Deposit Insurance Corporation, in its corporate capacity and as Re-ceiver for Imperial Federal Savings Association, Defendant–Appellee.

No. 98–56738, 99–56610, 99–56689.
D.C. Nos. CV–91–01533–RMB
CV–96–01356–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 18, 2001.

**724**

Before RYMER, T.G. NELSON and WARDLAW, Circuit Judges.

### MEMORANDUM [1]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**A. The Federal Deposit Insurance Corporation's (FDIC) Appeal (No. 99–56610)**

The conflicting "excess insurance" clauses in First National Insurance Company of America's ("First National") and General Accident Insurance Company of America's ("General") policies did not limit First National's liability to the FDIC. Under California law, conflicting "excess insurance" clauses cancel each other out, and the insurers are forced to prorate the loss between them.[2] However, two recent California Court of Appeal decisions indicate that the rule of proration between insurers only governs the rights of an insurer, which has undertaken the defense or indemnification of the common insured, to seek contribution from a co-insurer[3] and does not limit the insurer's liability to its insured.[4]

Applying California law, we find that First National was liable to the FDIC for

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. *Fire Ins. Exch. v. American States Ins. Co.*, 39 Cal.App.4th 653, 46 Cal.Rptr.2d 135, 138 (Cal.Ct.App.1995).

3. *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 77 Cal.Rptr.2d 296, 303 (Cal.Ct.App.1998) ("[C]ontribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation ....").

4. *See id.* at 312 n. 9 & 313 ("[T]he rules with regard to equitable contribution among insurers are different from those applicable to the relationship between an insurer and its insured."); *Armstrong World Indus., Inc. v. Aet-* *na Cas. & Sur. Co.*, 45 Cal.App.4th 1, 52 Cal.Rptr.2d 690, 711, 742 (1996) (concluding that apportionment of liability among insurers "has no bearing upon the obligations of the insurers to the insured" and "[a] pro rata allocation among insurers 'does not reduce their respective obligations to their insured' ").

We reject First National's argument that *James B. Lansing Sound, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA* controls here. Although in that case we did apply California's rule of proration between insurers to limit the liability of an insurer to its insured, we explicitly did so in the absence of contrary authority in California law. 801 F.2d 1560, 1568 (1986). In light of *Armstrong World Industries, Inc.* and *Fireman's Fund Insurance Co.*, we could not today decide *James B. Lansing Sound, Inc.* as we did in 1986.

the full amount of its policy limit, which was $1 million. Therefore, the district court erred in concluding that First National's $1 million payment to the FDIC exceeded its liability under the policy, and its judgment ordering restitution on that basis must be reversed.[5]

## B. *First National's Appeal*

### 1. *Breach of Contract Claim (No. 99–56689)*

■ The clear and explicit language of the 1992 agreement obligated the FDIC to reimburse First National only if the FDIC recovered from General, and we go no further in our interpretation of that agreement.[6] Because the FDIC did not recover from General, the FDIC owed nothing under the 1992 agreement, and summary judgment for the FDIC on First National's breach of contract claim was proper.[7]

### 2. *Claim in Intervention (No. 98–56738)*

■ Even if the FDIC's refusal to cooperate with General's investigation did not extinguish First National's right to seek contribution from General, First National did not assert this right when it was an intervenor in the *General v. FDIC* action.[8] Instead, First National sought to intervene to enforce its subrogation rights under the 1992 agreement, which all parties agree were extinguished by our previous order in this case.[9] Under California law, the right of contribution from a coinsurer is distinct and independent from the right to subrogation,[10] and thus, the district court did not err in granting General's motion for judgment on the pleadings to dispose of First National's claim in intervention.

AFFIRMED IN PART, REVERSED IN PART.

COSTS TAXED AGAINST FIRST NATIONAL.

---

5. As a result, there is no need to address First National's appeal of the district court's award of attorney's fees, denial of prejudgment interest, and dismissal of the FDIC in its corporate capacity, nor do we address the remaining issues in the FDIC's appeal, which is rendered moot by our decision.

6. Under California law, a court can go no further than the clear and explicit language of the agreement. *Maryland Cas. Co. v. Nationwide Ins. Co.*, 65 Cal.App.4th 21, 76 Cal. Rptr.2d 113, 117 (Cal.Ct.App.1998).
   We also agree with the district court that the FDIC's refusal to cooperate with General's investigation could not have breached the 1992 agreement, because any uncooperative conduct occurred prior to the parties entering into the 1992 agreement.

7. On appeal, First National has abandoned its claim that the FDIC's failure to cooperate with General's investigation breached the implied covenant of good faith and fair dealing between the FDIC and First National.

8. As a result, we do not decide whether, under California law, the FDIC's forfeiture of coverage under General's policy also bars First National's right to seek contribution from General.

9. *General Accident Ins. Co. of Am. v. Resolution Trust Corp.*, Nos. 93–56723, 93–56731, 93–56733, 1995 WL 323693 (May 30, 1995).

10. *Fireman's Fund Ins. Co.*, 77 Cal.Rptr.2d at 309.